UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL OWEN JACKSON,

        Petitioner,

                                  Case No. 15-cv-12647

v.

                                  HON. MARK A. GOLDSMITH

DEWAYNE BURTON,

        Respondent.

_____/

**OPINION AND ORDER**
**GRANTING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT AND**
**DISMISSAL OF THE HABEAS PETITION (Dkt. 7), DISMISSING THE PETITION FOR**
**WRIT OF HABEAS CORPUS (Dkt. 1), DECLINING TO ISSUE A CERTIFICATE OF**
**APPEALABILITY, AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON**
**APPEAL**

Petitioner Michael Owen Jackson, a state prisoner currently confined at the Handlon Correctional Facility in Ionia, Michigan, filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on July 24, 2015 (Dkt. 1), challenging his plea-based conviction for second-degree murder, Mich. Comp. Laws § 750.317. Petitioner was sentenced on May 11, 1990 to life imprisonment with the possibility of parole. He raises several claims regarding his plea, his former attorney, the state trial court's jurisdiction, and his appellate attorney. See Pet. at 5 and App. A (Dkt. 1). Respondent Dewayne Burton argues that the Court should dismiss the habeas petition, because Petitioner failed to comply with the statute of limitations. See generally Resp't Mot. (Dkt. 7).

For the reasons stated below, the Court grants Respondent's motion, dismisses the petition for writ of habeas corpus, declines to issue a certificate of appealability, and denies leave to appeal in forma pauperis.

## I.  BACKGROUND

Petitioner was charged in Wayne County, Michigan with first-degree murder, Mich. Comp. Laws § 750.316, and possession of a firearm during the commission of a felony (felony firearm), Mich. Comp. Laws § 750.227b.  The charges arose from allegations that, on February 3, 1990, Petitioner shot and killed Eric Williams on Elmhurst Street in Detroit.  As explained by the state trial court, "the record . . . reveals that [Petitioner] planned to kill the decedent, retrieved a gun with which to do so, waited outside a house for the decedent to depart, and then shot and killed him."  Opinion, No. 90-02463-01, at 6 (Recorder's Court for the City of Detroit June 9, 1993) (Dkt. 8-6).

On April 20, 1990, Petitioner pleaded guilty to the lesser charge of second-degree murder in return for the dismissal of the counts charging him with first-degree murder and felony firearm.  The parties also agreed to a sentence of life imprisonment with the possibility of parole.  On May 11, 1990, the trial court sentenced Petitioner pursuant to the plea agreement to life imprisonment with the possibility of parole.  Petitioner appealed as of right, claiming that his sentence was disproportionate under People v. Milbourn, 461 N.W.2d 1 (Mich. 1990).  The Michigan Court of Appeals found no merit in Petitioner's claim and affirmed his sentence.  See People v. Jackson, No. 131491 (Mich. Ct. App. July 19, 1991) (unpublished) (Dkt. 8-13).  Petitioner did not appeal that decision to the Michigan Supreme Court.  See Affidavit of Larry Royster (Dkt. 8-14).

In 1993, Petitioner filed a motion to withdraw his guilty plea (Dkt. 8-5).  He claimed that: (i) his guilty plea was involuntary and induced by his plea attorney's unfulfilled promises regarding parole; (ii) there was an insufficient factual basis for his plea; (iii) the trial court failed to review the pre-sentence report before accepting Petitioner's plea; and (iv) appellate counsel was ineffective for not raising these issues on direct appeal.  The trial court construed Petitioner's motion as a motion for relief from judgment and then denied the motion after

2

discussing each issue and concluding that Petitioner's claims were meritless. See People v. Jackson, No. 90-02463-01 (Recorder's Ct. for the City of Detroit June 9, 1993) (unpublished) (Dkt. 8-6).

The Michigan Court of Appeals denied Petitioner's subsequent application for leave to appeal, because Petitioner's arguments lacked merit, and because he failed to establish entitlement to relief under Michigan Court Rule 6.508(D). See People v. Jackson, No. 170121, at 2 (Mich. Ct. App. May 10, 1994) (unpublished) (Dkt. 8-15). On February 28, 1995, the Michigan Supreme Court likewise denied leave to appeal for failure to establish entitlement to relief under Rule 6.508(D). See People v. Jackson, 530 N.W.2d 754 (Mich. 1995) (table).

In 1995, Petitioner filed a second motion for relief from judgment (Dkt. 8-7). He claimed that: (i) the trial court misstated the law regarding parole; (ii) trial counsel failed to object to the trial court's misstatement of the law and failed to protect Petitioner's interests; and (iii) appellate counsel failed to raise substantial and meritorious issues on appeal. The trial court denied Petitioner's motion under Michigan Court Rule 6.508(D)(3), because Petitioner failed to show "good cause" for not raising his claims in the appeal of right or in his previous motion for relief from judgment. See People v. Jackson, No. 90-002463-01 (Recorder's Ct. for the City of Detroit May 23, 1995) (unpublished) (Dkt. 8-8). Petitioner appealed the trial court's decision, but the Michigan Court of Appeals denied Petitioner's delayed application because it was untimely. See People v. Jackson, No. 197474 (Mich. Ct. App. Oct. 30, 1996) (unpublished) (Dkt. 8-17). Petitioner nevertheless appealed to the Michigan Supreme Court, which denied leave to appeal on August 29, 1997, without an explanation for its decision. See People v. Jackson, 568 N.W.2d 677 (Mich. 1997) (table).

In 2012, Petitioner filed a "motion for correcting mistakes MCR 6.435," but he later withdrew that motion. (Dkts. 8-9, 8-10.)

On or about June 28, 2013, Petitioner filed a third motion for relief from judgment (Dkt. 8-11.)  He alleged that:  (i) his plea attorney was ineffective for promising him that he would not be sentenced to more than twenty years in prison; (ii) he was denied counsel at critical stages of the proceedings; (iii-iv) his plea attorney was ineffective for failing to object to jurisdictional defects; (v) his plea attorney abandoned him at a critical stage of the proceedings; (vi-ix) his guilty plea was illusory; (x) the trial court failed to recognize the limits of its jurisdiction; (xi) appellate counsel was ineffective for failing to raise these issues on direct appeal; and (xii) appellate counsel was "cause" for his failure to raise his claims on direct appeal.

The trial court denied Petitioner's motion on the basis that two of his claims lacked merit and that the other issues were previously decided against him.  See People v. Jackson, No. 90-002463-01-FC (Wayne Cty. Cir. Ct. Aug. 15, 2013) (Dkt. 8-12).  On June 25, 2014, the Michigan Court of Appeals denied Petitioner's delayed application for leave to appeal, because Petitioner failed to establish entitlement to relief under Michigan Court Rule 6.508(D).  See People v. Jackson, No. 320130 (Mich. Ct. App. June 25, 2014) (unpublished) (Dkt. 8-19).  Petitioner attempted to file an application for leave to appeal in the Michigan Supreme Court.  The court returned his application on August 29, 2014, without filing it, because it was untimely.  See Affidavit of Larry Royster (Dkt. 8-20).

Finally, on July 24, 2015, Petitioner filed his habeas corpus petition (Dkt. 1).  He raises the same twelve claims that he presented to the state court in his third motion for relief from judgment.  Additionally, Petitioner claims that he was improperly sentenced as an adult without the mandatory juvenile dispositional hearing required by Mich. Comp. Laws § 769.1(3) and Michigan Court Rule 6.931(E)(4).  Respondent argues in a motion for summary judgment and dismissal of the habeas petition (Dkt. 7) that Petitioner's claims are barred from substantive review by the one-year habeas statute of limitations.

Petitioner argues in a reply to Respondent's motion (Dkt. 9) that he is entitled to equitable tolling of the limitations period, because his third motion for relief from judgment was properly filed and accepted, and because he exercised reasonable diligence in filing his habeas petition. In addition, Petitioner claims that a miscarriage of justice will occur if the Court does not review his claims on the merits, because the Supreme Court has held that Miller v. Alabama, 132 S. Ct. 2455 (2012) applies retroactively.

## II. STANDARDS OF REVIEW

A motion for summary judgment should be granted if the movant shows "that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2). In considering a motion for summary judgment, the Court will construe all facts in a light most favorable to the non-moving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). There are no genuine issues of material fact when "the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." Id. If the movant carries its burden of showing an absence of evidence to support a claim, then the non-movant must demonstrate by affidavits, depositions, answers to interrogatories, and admissions that a genuine issue of material fact exists. Celotex Corp. v. Catrett, 477 U.S. 317, 324-325 (1986); see also Sanders v. Freeman, 221 F.3d 846, 851 (6th Cir. 2000). The summary judgment rule applies to habeas proceedings. See Redmond v. Jackson, 295 F. Supp. 2d 767, 770 (E.D. Mich. 2003). In the statute of limitations context, dismissal is appropriate only if a moving party clearly shows the claim is out of time. Cooey v. Strickland, 479 F.3d 412, 416 (6th Cir.2007), cert. denied, 553 U.S. 1014 (2008).

Title 28 U.S.C. § 2254(d), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, applies to all habeas petitions filed after the Act's effective date, April 24, 1996, and imposes a one-year limitations period for habeas petitions. See 28 U.S.C. § 2244(d)(1). Petitioner's habeas petition was filed after April

5

24, 1996, and thus, the provisions of the AEDPA, including the limitations period for filing a habeas petition, apply. See Lindh v. Murphy, 521 U.S. 320, 337 (1997). The one-year limitations period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was originally recognized by the Supreme Court if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Absent statutory or equitable tolling, a petition for writ of habeas corpus must be dismissed where it has not been filed before the limitations period expires. See 28 U.S.C. §§ 2244(d)(1)-(2); Allen v. Yukins, 366 F.3d 396, 401 (6th Cir. 2004); see also Lee v. Brunsman, 474 F. App'x 439, 441 (6th Cir. 2012). "The limitation period is tolled . . . during the pendency of 'a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim.'" Wall v. Kholi, 562 U.S. 545, 550-551 (2011) (quoting § 2244(d)(2)).

## II. ANALYSIS

### A. The Habeas Petition

Petitioner's conviction became final in 1991 after the Michigan Court of Appeals affirmed his sentence on direct review and the fifty-six day deadline for seeking leave to appeal in the Michigan Supreme Court expired. See Gonzalez v. Thaler, 132 S. Ct. 641, 653-654 (2012) (explaining that, for habeas petitioners who do not pursue direct review all the way to the United

6

States Supreme Court, the judgment becomes final when the time for pursuing direct review in state court or in the Supreme Court expires); see also Jimenez v. Quarterman, 555 U.S. 113, 119 (2009) (explaining that "direct review" concludes for purposes of § 2244(d)(1)(A) when the availability of direct appeal to the state courts and to the United States Supreme Court has been exhausted"); Mich. Ct. R. 7.305(C)(2) (allowing fifty-six days to appeal a Court of Appeals decision in criminal cases). AEDPA's statute of limitations, however, was enacted on April 24, 1996, several years after Petitioner's conviction became final. As a result, he was entitled to a one-year grace period (from April 24, 1996, through April 23, 1997) to file his habeas petition or a motion for post-conviction relief that would toll the limitations period. Stokes v. Williams, 475 F.3d 732, 734 (6th Cir. 2007).

During that one-year grace period, Petitioner filed an application for leave to appeal the trial court's decision on his second motion for relief from judgment. The Michigan Court of Appeals, however, denied leave to appeal, because the application was untimely. As a result of the untimely appeal, the limitations period was not tolled between May 23, 1995 (the date of the trial court's decision on Petitioner's second motion for relief from judgment) and August 23, 1996 (the date of Petitioner's application for leave to appeal the trial court's decision). See Evans v. Chavis, 546 U.S. 189, 197 (2006) (explaining that "only a timely appeal tolls AEDPA's 1-year limitations period for the time between the lower court's adverse decision [during state collateral proceedings] and the filing of a notice of appeal in the higher court"). The one-year statute of limitations, therefore, expired on April 24, 1997.

Even if the limitations period was tolled for the entire time that Petitioner's second motion for relief from judgment was under consideration in state court, that is, until August 29, 1997, when the Michigan Supreme Court denied leave to appeal, Petitioner did not file his third motion for relief from judgment until 2013. By then, the one-year limitations period clearly had expired. The tolling provision of § 2244(d)(2) "does not . . . 'revive' the limitations period (i.e.,

7

restart the clock at zero); it can only serve to pause a clock that has not yet fully run. Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations." Rashid v. Khulmann, 991 F. Supp. 254, 259 (S.D.N.Y. 1998) (quoted with approval in Vroman v. Brigano, 346 F.3d 598, 602 (6th Cir. 2003)). The habeas petition, therefore, is time-barred, absent equitable tolling of the limitations period or a credible showing of actual innocence.

### 1. Equitable Tolling

AEDPA's limitations period is subject to equitable tolling. Holland v. Florida, 560 U.S. 631, 645 (2010). But "a 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Id. at 649 (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)); see also Hall v. Warden, Lebanon Corr. Inst., 662 F.3d 745, 749-750 (6th Cir. 2011) (adopting Holland's two-part test for determining whether a habeas petitioner is entitled to equitable tolling).

Petitioner contends that he has been diligent in pursuing his rights and that the Court should equitably toll the limitations period because the state trial court accepted and filed his third motion for relief from judgment. Petitioner, however, waited over seventeen years after AEDPA was enacted to file his third motion for relief from judgment. This long delay in filing his motion indicates a lack of diligence, even if the trial court accepted and filed the motion.

Petitioner also has not shown that some extraordinary circumstance stood in his way of filing a timely habeas petition. He does argue that he is entitled to special treatment in light of Miller, 132 S. Ct. at 2460, wherein the Supreme Court held that "that mandatory life without parole for those under the age of 18 at the time of their crimes violates the Eighth Amendment's prohibition on 'cruel and unusual punishments,'" and Montgomery v. Louisiana, 136 S. Ct. 718 (2016), which held that Miller is retroactive on collateral review. Petitioner, however, was not

8

sentenced to mandatory life imprisonment without any possibility of parole. His sentence was life imprisonment <u>with</u> the possibility of release on parole. Therefore, <u>Miller</u> is not applicable to Petitioner's case, and the Court declines to equitably toll the limitations period.

### 2. Actual Innocence

The Supreme Court has held that actual innocence, if proved, serves as a gateway through which a habeas petitioner may pass when the impediment to consideration of the merits of a petitioner's constitutional claims is the expiration of the statute of limitations. <u>McQuiggin v. Perkins</u>, 133 S. Ct. 1924, 1928 (2013). The Supreme Court "caution[ed], however, that tenable actual-innocence gateway pleas are rare: '[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of . . . new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" <u>Id.</u> (quoting <u>Schlup v. Delo</u>, 513 U.S. 298, 329 (1995)).

Petitioner has not alleged that he is innocent, and "AEDPA's time limitations apply to the typical case in which no allegation of actual innocence is made." <u>McQuiggin</u>, 133 S. Ct. at 1933. And even though Petitioner urges the Court to consider the merits of his claims to prevent a miscarriage of justice, "[t]he miscarriage of justice exception . . . applies to a severely confined category: cases in which new evidence shows 'it is more likely than not that no reasonable juror would have convicted [the petitioner].'" <u>Id.</u> (quoting <u>Schlup</u>, 513 U.S. at 329).

Petitioner pleaded guilty to second-degree murder, and he has not presented the Court with any new and credible evidence demonstrating that he is actually innocent of the murder. Therefore, Petitioner's "miscarriage of justice" argument is not a tenable basis for consideration of the substantive merits of his constitutional claims.

### 3. Summary

Petitioner filed his habeas corpus petition after the one-year statute of limitations expired, and, for the reasons given above, he is not entitled to equitable tolling of the limitations period.

9

He also has not shown that he is actually innocent of the crime for which he is imprisoned. Therefore, Respondent is entitled to judgment as a matter of law.

### B. Certificate of Appealability and Leave to Proceed In Forma Pauperis on Appeal

Before Petitioner may appeal this Court's dispositive decision, a certificate of appealability must issue. See 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. See Slack v. McDaniel, 529 U.S. 473, 484 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El, 537 U.S. at 327. In applying that standard, a district court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the petitioner's claims. Id. at 336-337. "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254; Castro v. United States, 310 F.3d 900, 901 (6th Cir. 2002).

Having considered the matter, the Court concludes that Petitioner has failed to make a substantial showing of the denial of a constitutional right, and because Petitioner's claims are time-barred, reasonable jurists would not find the Court's procedural ruling debatable. Accordingly, a certificate of appealability is not warranted in this case.

A court may grant in forma pauperis status if it finds that an appeal could be taken in good faith. See, e.g., Dell v. Straub, 194 F. Supp. 2d 629, 659 (E.D. Mich. 2002); Foster v. Ludwick, 208 F. Supp.2d 750, 764-765 (E.D. Mich. 2002); 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a). Petitioner's claims clearly are time-barred. Therefore, an appeal would be frivolous

and could not be taken in good faith, and the Court denies leave to proceed in forma pauperis on appeal.

## IV.  CONCLUSION

For the reasons set forth above, the Court grants Respondent's motion for summary judgment and dismissal of the habeas petition (Dkt. 7), dismisses the habeas corpus petition (Dkt. 1), declines to issue a certificate of appealability, and denies leave to appeal in forma pauperis.

SO ORDERED.

Dated:  August 15, 2016  　　　　　　　　　s/Mark A. Goldsmith
　　　　Detroit, Michigan  　　　　　　　　　MARK A. GOLDSMITH
　　　　　　　　　　　　　　　　　　　　　United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 15, 2016.

　　　　　　　　　　　　　　　　　　　　　s/Karri Sandusky
　　　　　　　　　　　　　　　　　　　　　Case Manager

11